**Thomas G. DANIELS and wife, Oma P. Daniels**

v.

**COMBUSTION ENGINEERING, INC. et al.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 28, 1978.

Certiorari Denied by Supreme Court May 7, 1979.

Paul T. Gillenwater, Ward S. Whelchel, Jr., and H. Douglas Nichol, Knoxville, for appellants.

Fred H. Cagle, Jr., Knoxville, for Johns-Manville Sales Corp.

William D. Vines, III, Knoxville, for Celotex Corp.

Robert R. Campbell, Knoxville, for Owens Corning Fiberglass Corp.

Louis C. Woolf, Knoxville, for Pittsburgh Corning Corp.

## OPINION

SANDERS, Judge.

Plaintiffs have appealed from an adverse jury verdict in their products liability suit against a number of manufacturers of asbestos-related insulation materials.

Plaintiff-Appellant, Thomas G. Daniels, was, for a number of years, a professional installer of insulation materials. He was employed primarily by contractors to install insulation in commercial and industrial buildings between 1965 and 1977. The materials with which he worked and installed were asbestos-related insulation materials manufactured and distributed by the Defendants. The Plaintiff contracted an occupational disease known as asbestosis. This develops from breathing asbestos dust over a period of time. Asbestos dust is composed of small sharp fibers which settle into the air sacs in the lungs. This results in inflammation and scarring of the lungs. The respiratory system is affected and, depending on the severity of the case, may range from slight or no disability to death. The Plaintiff's case was considered mild.

The Plaintiff sued the Defendant, Combustion Engineering, Inc., and 16 other Defendants who manufacture and sell asbestos-related insulation materials which had been used by him. Plaintiffs predicated their suit on the theory of products liability. Plaintiff's wife, Oma P. Daniels, also sued for loss of consortium. Plaintiffs contended the insulation products were defective and unreasonably dangerous under 402A, *Restatement of Torts,* in that they were placed on the market defectively designed; they contained a hazardous material (asbestos); and/or they were defective by reason of inadequate warning of the hazard.

Defendants denied their products were defective and unreasonably dangerous. They denied they directly or proximately caused the Plaintiff's injury. They relied upon the affirmative defenses of the statute of limitations, assumption of the risk and intervening cause. They further contended that the "state of scientific knowledge" was such they did not know, nor could have known, of the hazards to insulation workers prior to 1964.

The case was dismissed as to all but four of the Defendants prior to final determination of the case.

The case was tried before a jury which found the issues in favor of the Defendants. Plaintiffs' motion for a new trial was overruled and they have appealed and assigned error.

Plaintiffs' first assignment of error is: "The Trial Court erred in refusing to allow testimony or reference to the relationship of asbestosis and asbestos exposure to different cancers, cor pulmonale, and mesothelioma."

Prior to the trial the Plaintiffs filed a motion to allow the introduction of testimony regarding association between asbestos

and cancer. The Defendants, in turn, filed a motion to exclude such testimony. The Court ruled such testimony should be excluded, and we concur.

The Plaintiffs advance four reasons why the testimony should have been admitted, but they present only two categories—one pertains to damages and the other relates to the duty to warn of a known danger beyond that contemplated by the ordinary purchaser. Plaintiffs say the testimony should have been admitted since: (1) "Such evidence would show the mental distress or anguish incident to physical trauma as a compensable item of damages." (2) "The increased risk of cancer in persons who have asbestosis requires they be closely monitored by medical personnel for the remainder of their lifetime and the increased cost of this medical service would be a legitimate item of expense and subject to proof."

If we assume the contention of the Plaintiffs is correct, this would go only to damages. Since the jury resolved the question of liability in favor of the Defendants, it would, at most, be harmless error.

Plaintiffs further say: (3) "Section 402(a), Restatement of Torts, Second, and cases interpreted, indicate that a test regarding the dangerousness of a product is whether the utility of such product outweighs the harm it could cause," and (4) "The fact that defendants' product contained an ingredient which was likely to cause cancer, . . . increases and heightens the duty to warn and would, in effect, have a greater bearing upon the type of warnings that should be given."

This insistence by the Plaintiffs is in contradiction and inconsistent with their argument in support of their fourth assignment of error. There they say, "The plaintiffs did not rely upon the failure of defendants to warn of the dangers of their products in order to establish that the product was defective and unreasonably dangerous."

It is the rule in this jurisdiction that a plaintiff cannot take a position on appeal inconsistent with that taken in the trial of the case. *Simpson v. Harper,* 21 Tenn.App. 431, 111 S.W.2d 882; *Carr v. Wilbanks,* 45 Tenn.App. 372, 324 S.W.2d 786.

The Plaintiffs make no contention that he has cancer. He has only a mild case of asbestosis and we therefore see no relevancy between his injuries and cancer. To have admitted the evidence could have served only to prejudice the jury.

Plaintiffs' second assignment is: "The Trial Court erred in refusing to allow the admission of the two depositions of Dr. Kenneth Wallace Smith, deceased, former Medical Director of the defendant, Johns-Manville Sales Corporation."

Prior to the trial of the case the Plaintiffs filed a motion asking to file two depositions of Dr. Smith as evidence. One of the depositions had been taken in January, 1976, in the case of *James Roy DeRocco, et al. v. Forty-Eight Insulation, Inc., a Corporation, et al.* The case was filed in the Court of Common Pleas of Allegheny County, Pennsylvania. The other deposition was taken in April, 1976, in the case of *Louisville Trust Company, Administrator of the Estate of William Virgil Sampson v. Johns-Manville Corporation.* This suit was in Louisville, Kentucky. In his motion to admit the depositions the Plaintiff said: "That in *DeRocco* and *Sampson,* defendant, Johns-Manville, was given the opportunity to cross-examine the deponent and that the issues in both *DeRocco* and *Sampson* are identical to the issues in the case at bar, i. e., what defendant, Johns-Manville, did or did not know relative to the hazards of inhalation of asbestos by the ultimate user of the products. Dr. Kenneth Wallace Smith was employed by defendant, Johns-Manville, from the mid-1940's through 1966 and beginning in 1952 until his termination, was the corporate Medical Director of defendant, Johns-Manville; that in July, 1977, Dr. Kenneth Wallace Smith died.

"Plaintiff submits that the depositions of Dr. Kenneth Wallace Smith are admissible as to Johns-Manville pursuant to 27.03(2) and 26.04(3) of the Tennessee Rules of Civil Procedure and because: (1) the issues in the present case involve the same subject mat-

ter and were admissible in the courts of Pennsylvania and Kentucky, respectively; (2) the witness is deceased; (3) the person against whom the deposition is sought to be introduced was given ample opportunity to cross-examine the witness; and (4) exceptional circumstances exist that justice dictates that introduction should be allowed, i. e. Dr. Smith was present during the time critical decisions were made concerning asbestos health hazards to ultimate users and others."

The Plaintiffs rely upon Rule 26.04(3) and 27.03(2), T.R.C.P., as support for their contention that Dr. Smith's deposition was admissible.

We fail to find these rules in point. Neither of them applies to a deposition offered as evidence in a suit filed subsequent to its taking.

Plaintiffs also cite as authority for their contention the case of *In Re Estate of Rhodes*, 222 Tenn. 394, 436 S.W.2d 429 (1968).

This case is distinguishable from the case at bar in that the testimony in question was give in a former trial of the same case.

Plaintiffs also cite 29 Am.Jur., Evidence, § 738, as authority for their contention.

We fail to see where this section of Am. Jur. lends much support to Plaintiffs' contention, since it stands for the proposition that before testimony of a witness in a former proceeding can be admitted the second action must be between the same parties or their privies and involve the same issues. We have been cited to no cases, nor have we found any in this jurisdiction, exactly in point on the issue here involved. However, the general rule appears to be stated as follows:

"There is authority that the use of depositions is limited to the suit in which they are taken; but, as a general rule, depositions regularly taken in a former suit are admissible in a subsequent suit, involving the same question or subject matter between parties who are the same or in privity. The admissibility of such depositions is not, however, dependent on exact identity of parties and cause of action, but rather on identity of the question being investigated and on the opportunity of the party, against whom the deposition is offered, to examine or cross-examine.

"The following may be considered as the usual tests by which to determine whether a deposition taken in one cause can be read as evidence in another: First, the parties must be the same or in privity; second, the issues in the case must be the same, or the question in controversy must be the same; third, that, had the testimony been different, it would have been prejudicial to the party introducing it; fourth, that the judgment and verdict rendered in one case would be evidence in the other; and fifth, the legal existence of the first suit.

"The general rules above laid down have been held applicable, notwithstanding the fact that one suit is at law and the other in equity. Because a deposition has been taken regularly in a former cause between the same parties, it does not necessarily follow that such fact of itself is a sufficient reason for admitting such deposition in evidence in a subsequent cause between the same parties; there should be some showing of the death, absence, or disability of the witness whose deposition is desired. The competency of the testimony in such deposition must be determined in the case in which it is offered; and the admission of depositions taken in a former suit between the same parties is a matter somewhat within the discretion of the court, and one which will not be reviewed unless there has been a palpable abuse of the discretion as exercised." 26A C.J.S. Depositions § 98, p. 452.

This rule is further amplified as follows:

"It has frequently been stated that in order to render admissible on a subsequent trial the former testimony of a witness who has since become unavailable, there must be a substantial identity between the parties to the first and the parties to the subsequent action or proceeding. Accordingly, in many cases the

former testimony of a witness has been held inadmissible for lack of substantial identity of parties, even though the other conditions prerequisite to admissibility have been met.

"The requirement as to the identity of parties is satisfied by the existence of the relation of privity, such as that predicated on relationships arising from connection with a decedent's estate or out of interests in property, or the relationship of principal and surety or of successive plaintiffs in actions for wrongful death, the word 'privity' being used, more or less strictly, in somewhat the same sense as it has in the field of property law. 'Identity of interest,' as distinguished from strict 'privity,' is held in some cases to satisfy the rule requiring identity of parties. In still other cases it has been held that there must be 'reciprocity' or 'mutuality' as a prerequisite to the admission in evidence of former testimony; that is, former testimony by a witness already cross-examined by B cannot now be offered by A against B unless B could now have offered it against A." 29 Am. Jur.2d, Evidence, § 744, p. 813.

■ The criteria set out above are not met in the case at bar in that there are different plaintiffs and there is no privity between them nor is there any way we can determine from the record before us that the issues involved are the same. Also, we cannot say that the Trial Court abused his discretion in rejecting the evidence. Plaintiffs' second assignment is overruled.

■ Plaintiffs' third assignment is: "The Trial Court erred in charging the jury as to the defense of 'unavoidably unsafe product.'"

The portion of the Court's charge about which the Plaintiffs complain is as follows: "And, of course, Ladies and Gentlemen, there are some products, which in the state of human knowledge at the time of manufacture are incapable of being made safe for their intended and ordinary use. Products of this kind are not, for the purposes of strict liability, unreasonably dangerous if proper warnings are given."

We cannot agree this was error. It is an accurate statement of the law applicable to the case.

It was the contention of the Plaintiffs the Defendants marketed insulation products which were defective and unreasonably dangerous under 402A of the *Restatement of Torts*. The Defendants' products were defective in that they contained a hazardous material and were hazardous by reason of inadequate warning of the hazards.

Comment "k" under § 402A states:

"Unavoidably unsafe products. There are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use. . . . Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous. . . . The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk."

The Plaintiffs argue the Court's charge was improper because the defense of "unavoidably unsafe products" is an affirmative defense which must be specifically pleaded. The Defendants did not assert it as an affirmative defense and the charge was therefore improper.

While it is possible the defense of "unavoidably unsafe products" might be an affirmative defense, where, as in the case at bar, the plaintiff, in his complaint, charges the defendants with failure to warn, the defendants only need to deny the complaint, as the Defendants did.

The question of "unavoidably unsafe product" had been placed squarely in issue by both the pleadings and the proof. It therefore became the duty of the Court to charge on this issue. See *Cole v. Woods*, 548 S.W.2d 640, Tenn. (1977).

Plaintiffs' fourth assignment is: "The Trial Court erred in allowing testimony in a strict liability action as to the 'state of the art' or the 'state of scientific knowledge.'"

■ Plaintiffs argue in support of this assignment that it was error for the Court to overrule their motion to strike the testimony of Dr. Paul Kotin. The deposition of Dr. Kotin had been taken by the Defendants. It consisted of approximately 250 pages and covered a variety of issues in the case. Prior to the trial the Plaintiffs filed a motion to strike this testimony. The basis of the motion was that the testimony was irrelevant and immaterial due to the fact the thrust of it is directed to the knowledge Defendants had or should have had relative to the hazards of asbestos. Plaintiffs stated they did not rely upon comment (j) of the *Restatement of Torts* to establish the defectiveness of the product. Upon the trial of the case the deposition of Dr. Kotin, except portions pertaining to cancer, was read into evidence.

Plaintiffs fail to cite us to the portion of this testimony which they consider is improper. Therefore, this assignment cannot be considered since the Plaintiffs have failed to comply with Rule 12(3) of the Court, which provides: "Where the error alleged is to the admission or rejection of evidence, the specification shall quote the substance of the evidence admitted or rejected with citation of record where the evidence and ruling may be found, but full quotation of the evidence admitted or rejected is not required."

Plaintiffs' assignments of error are overruled. The judgment of the Trial Court is affirmed and the cost of this appeal is taxed to the Appellants.

PARROTT, P. J. (E.S.), and FRANKS, J., concur.