The ESTATE OF Fannie Louise SCHULTZ b/n/f and Husband, William S. Schultz, Plaintiff-Appellant

v.

MUNFORD, INCORPORATED, d/b/a Majik Markets, and William Leech, State Attorney General of Tennessee, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

Dec. 17, 1982.

Permission to Appeal Denied by Supreme Court March 7, 1983.

Jerry H. Summers, John W. Johnson, III, Anderson & Johnson, Chattanooga, for plaintiff-appellant.

Donald E. Warner, Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, for defendant-appellee.

## OPINION

SANDERS, Judge.

The Plaintiff filed suit in the circuit court attacking the constitutionality of T.C.A. § 50–908 of the Workers' Compensation Law. The basis of the complaint was that Fannie Louise Schultz, wife of William S. Schultz, had been killed in the course of her employment with the Defendant-Appellee, Munford, Incorporated, d/b/a Majik Markets. Although the Plaintiff was being paid workers' compensation benefits for the death of his wife, he filed a common law action against the Defendant for the wrongful death of his wife, saying it was guilty of negligence.

The Defendant filed a Rule 12, T.R.C.P., motion on the grounds the complaint failed to state a cause of action upon which relief could be granted, stating that T.C.A. § 50–908 makes all remedies under Tennessee Workers' Compensation Law exclusive as to employees and their relatives or representatives. Defendant also filed an answer denying any liability and setting up the defense of T.C.A. § 50–908. It also filed a motion for summary judgment supported by an affidavit that Fannie Schultz was killed in the course of her employment and the Plaintiff was being paid workers' compensation benefits.

The Plaintiff and Defendant then entered into the following stipulation of facts which was submitted to the court for his determination of the case:

"The facts of this case are not in dispute. On July 9, 1980, the wife of the plaintiff, Fannie Louise Schultz, was employed and on duty in a Chattanooga convenience store which was owned and operated by the Munford Company, a Georgia corporation doing business in the state of Tennessee. While on duty in said store and acting within the scope of her employment Mrs. Schultz was abducted from the store in an apparent robbery attempt and later killed. Her body was found on July 11, 1980 in Jackson County, Alabama. Subsequent to the deceased's death, her lawful husband, plaintiff, William S. Schultz, applied for benefits as a widower under Tennessee Workmen's Compensation Law, T.C.A. § 50–1101 et seq. Plaintiff was awarded the full benefits in accordance with the provisions of T.C.A. § 50–1013, Subsection e, Subsection 1, but by order of the Hamilton County Chancery Court denied a lump sum payment of the benefits from which he appealed to the Tennessee Supreme Court where said action is still pending.

"On April 24, 1981 the plaintiff filed suit in the Circuit Court of Hamilton County, Tennessee alleging that the defendant, Munford Incorporated, d/b/a Majik Markets, through its agents, employees and servants, was guilty of the following common law acts of negligence:

"(a) Defendant, Munford Incorporated, failed to provide a safe place of employment for the plaintiff's wife, Fannie Louise Schultz.

"(b) Defendant, Munford Incorporated, failed to provide a secure place of employment with sufficient personnel and security measures to protect the life of the plaintiff's wife.

"(c) Defendant, Munford Incorporated, failed to warn plaintiff's wife of the hazards then and there existing because of the fact that said convenience store had previously been robbed on at least two (2) separate occasions prior to the incident on July 9, 1980.

"(d) Defendant, Munford Incorporated, required plaintiff's wife to work alone in an unsafe environment with totally inadequate security protection.

"The plaintiff further alleged that the manner of operating said store by the defendant, Munford Incorporated, through its agents, servants or employees at the time and place aforesaid under the circumstances then and there existing, was unlawful, intentional, reckless, grossly negligent and highly dangerous to the life of the plaintiff's wife, Fannie Louise Schultz and that he was entitled to damages for his loss of consortium sustained as a result of his wife.

"The defendants, Munford Incorporated and William Leech, State Attorney General of Tennessee, responded to said complaint and in their answer plead the provisions of T.C.A. § 50–908 which provides an exclusive remedy under the workers' compensation law as to employees and their relations or representatives.

"Plaintiff further responded to said answer by alleging that T.C.A. § 50–908 is unconstitutional as violating the plaintiff's right to due process of law under the United States and Tennessee Constitution.

"WHEREFORE, the parties agree that the afore-styled facts be adopted by stipulation and incorporated by reference in the event that either side chooses to appeal this matter to the Tennessee Supreme Court in lieu of producing live testimony on said facts."

The court, upon consideration of the pleadings and the stipulation of facts, sustained the motion for summary judgment and dismissed the complaint.

The Plaintiff has appealed and in his original brief states as follows:

"The plaintiff-appellant submits that the only issue presented for review is as follows:

"Whether T.C.A. § 50–908 is unconstitutional in that it violates the 'law of the land' provision of Article I, Section 8 of the Tennessee Constitution and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 17 of the Tennessee Constitution and the Fourteenth Amendment of the United States Constitution."

In his argument in support of this issue the Plaintiff states:

"Plaintiff-appellant readily acknowledges that prior existing authority in the appellate courts of this State uphold the exclusivity provisions of T.C.A. § 50–908. That provision provides in full as follows:

" 'Right to compensation exclusive.—The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.'

"*Scott v. Nashville Bridge Company,* 143 Tenn. 86, 223 S.W. [844] 884 (1919), and *Nichols v. Benco Plastics, Inc.,* 225 Tenn. [334] 469 S.W.2d 135 (1971), relied upon by defendants, upholds the provisions of T.C.A. § 50–908.

"However, plaintiff-appellant respectfully requests this Court to re-examine the issue of the constitutionality of § 50–908 in light of recent developments in the law in Tennessee and other jurisdictions around the country."

Since the issue before us has been passed on by the Supreme Court and since we are an intermediate appellate court, we are not at liberty to depart from precedent decisions.

The Plaintiff filed a document subsequent to his original brief titled "Supplemental Citation of Authority." Although the Plaintiff stated in his original brief that the only issue was the constitutionality of T.C.A. § 50–908, in the subsequent document he presents the following additional issue: "Whether the trial court erred in failing to hear testimony on the issue of whether the Appellee, Munford, Inc., had knowledge of an unusual danger of assault upon its employees and should be liable to its employees, such as Appellant's wife, for its failure to warn of said unusual danger of assault?"

This issue must be resolved in favor of the Appellee for three reasons. First, it is contradictory to the position the Plaintiff took in the trial court. According to the stipulation filed by the parties, the stipulation was entered into "in lieu of producing live testimony on said facts." The fact that the Plaintiff did not contend in the trial court that it should hear evidence is borne out not only by the statement in his original brief but in his notice of appeal he says ". . . the only issue involved in this case is the constitutionality of the statutory provision of T.C.A. § 50–908 . . . ."

"It is the rule in this jurisdiction that a plaintiff cannot take a position on appeal inconsistent with that taken in the trial of the case. *Simpson v. Harper,* 21 Tenn. App. 431, 111 S.W.2d 882; *Carr v. Wilbanks,* 45 Tenn.App. 372, 324 S.W.2d 786." *Daniels v. Combustion Engineering, Inc.,* 583 S.W.2d 768 (Tenn.App.1979) *Id.* 770.

Also,

"When a party makes a concession or adopts a theory by stipulation and his cause of action is determined on this concession or theory, then that party must abide by his decision even on appeal by certiorari. *Lewis & Sons v. Ill. Cent. R. Co.,* 150 Tenn. 94, 259 S.W. 903; *Stearns v. Williams,* 12 Tenn.App. 427." *Bearman v. Camatsos,* 215 Tenn. 231, 385 S.W.2d 91 (1964) *Id.* 385 S.W.2d at 93.

The second reason this issue must be resolved in favor of the Appellee is there is nothing in the stipulation of facts that would support this allegation, and the third reason is if the facts did support such finding his exclusive remedy is governed by T.C.A. § 50–908.

Plaintiff argues in his brief that since he alleged in his complaint that the negligence of the Defendant was intentional, T.C.A. § 50–908 is not controlling.

There is no allegation in the complaint that the Defendant inflicted the injuries on Mrs. Schultz which resulted in her death. The allegation is the Defendant intentionally operated its store in a negligent manner. In the case of *Cooper v. Queen,* 586 S.W.2d 830 (Tenn.App.1979) the court, in addressing this issue, quoted with approval as follows:

"'Since the legal justification for the common law action is the non-accidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, wreckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.' *Id.* (citing *Wilkinson v. Achber,* 101 N.H. 7, 131 A.2d 51 (1957))." *Id.* 833.

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

PARROTT, P.J., and FRANKS, J., concur.