IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2001 Session

## IN RE: RAGAN ELIZABETH HINSON, JAMES BRIAN HINSON v. KELLI SHANNON GATTON

**A Direct Appeal from the Juvenile Court for Dyer County**
**No. 95-02062     The Honorable J. Steven Stafford, Judge**

────────────

**No. W2001-01763-COA-R3-JV - Filed March 15, 2002**

────────────

Father filed a petition to increase visitation, for joint custody and other relief. The juvenile court modified visitation and ordered joint custody. Father appeals. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Marianna Williams, Dyersburg, For Appellant, James Brian Hinson

James S. Wilkes, Jr., Dyersburg, For Appellee, Kelli Shannon Gatton

### OPINION

The parties, James Brian Hinson ("Father"), appellant, and Kelli Shannon Gatton ("Mother"), appellee, are the parents of Ragan Elizabeth Hinson, a minor. On June 9, 1997, after legitimation proceedings, the parties filed an "Agreed Order" regarding visitation and child support in the Juvenile Court for Dyer County, Tennessee, docket number 95-2062. The "Agreed Order" provides in pertinent part:

> 3. The parties shall abide by the Shared Parenting Guidelines adopted by the Chancery and Circuit Courts of this jurisdiction with the following modifications.
>
> (a) James Brian Hinson shall have visitation with the minor child the week before Christmas Eve. Once . . . [the minor child] begins

school, the father's visitation will begin at 6:00 on the day school is out and end at 9:00 p.m. on Christmas Eve.

(b) James Brian Hinson shall have two weeks of visitation with the minor child during the summer of 1997, and three weeks of visitation during the summer of 1998. The parties will agree on which weeks. Beginning in 1999, the parties will rely on the summer visitation schedule in the guidelines.

(c) In addition to regular weekend visitation, James Brian Hinson shall have visitation from 6:00 p.m. Monday of the week he does not have weekend visitation until 8:00 a.m. the next morning.

(d) James Brian Hinson shall have visitation with the minor child on her birthday in even numbered years.

On or about July 10, 2000, Father filed a "Petition to Modify Prior Orders of the Court." This petition provides in pertinent part:

2. The Petitioner has voluntarily increased his child support payments twice since the entry of the Order. The Petitioner is contributing substantially to the expenses of the minor child and believes that he should be permitted to claim . . . [the minor child] as a dependent for income tax purposes in alternate years.

3. The Petitioner has established a close relationship with the minor child and has asked the Respondent for additional visitation with . . . [the minor child]. The Respondent has refused to allow the Petitioner additional visitation.

4. The Petitioner avers that it is in the best interest of the minor child that she have additional visitation with her father. The child's school schedule now includes a two-week fall break and a two-week spring break which would be appropriate times for the child to spend with her father. The Petitioner avers that a more even division of time during the week would be appropriate. The Petitioner further avers that the parties should abide by the Shared Parenting Guidelines on the Christmas Holiday.

WHEREFORE, the Petitioner prays that the Orders of this Court be modified to allow him to claim the child as a dependent in alternate years and to allow him additional visitation with the minor child.

Mother filed her "Answer to Petition to Modify Prior Orders of the Court" on or about July 14, 2000. In her answer, Mother denies that Father should be able to claim their minor child as a dependent for income tax purposes in any year and although Mother admitted that Father and the minor child have established a close relationship, Mother asserts that Father's request for additional visitation came only in response to Mother's inquiry about Father's present income and child support. On October 19, 2000, Father filed a petition for joint custody alleging "that there has been a material change in circumstances since the prior orders of the Court were entered and that this is an appropriate case in which to grant him joint custody of the child."

On March 16, 2001, this matter was heard before the trial court and the trial court found that this child's maturity and changed school schedule warranted a review of the visitation schedule. Implicitly, the court found a change of circumstances.

On April 19, 2001, the trial court filed its "Custody and Visitation Order", which ordered joint custody with the Mother as the primary residential parent. The order also provided that Father is allowed to claim the child as a dependent for income tax purposes in alternate years. The order further provided that "all other matters as might pertain to visitation to be governed by the Shared Parenting Provisions . . . ." except that "the parties have agreed to deviate from the Shared Parenting Guidelines to the extent that the Father's weekend visitation shall commence Friday afternoons and extend through Sunday nights until the appropriate time to return home on Monday, such agreement is by the Court ratified and confirmed."

Father has appealed and presents the following issue as stated in his brief:

> Whether Trial Court erred in modifying its prior orders regarding visitation without a finding that a material change in circumstances had occurred.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

A trial court's decisions involving custody and visitation, once made, are final and will not be modified unless the trial court is satisfied that a material change in circumstances has occurred since the prior order was entered. *Neely v. Neely*, 737 S.W.2d 539, 544 (Tenn. Ct. App. 1987) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952)); *Long v. Long*, 488 S.W.2d 729, 731-732 (Tenn. Ct. App. 1972). T.C.A. § 36-6-101(a) (Supp. 2000) empowers the courts to change custody 'as the exigencies of the case may require' and courts will change custody when the party seeking to change custody proves (1) that the child's circumstances have materially changed in a way that could not have been reasonably foreseen at the time of the original custody decision, and (2) that the child's best interests will be served by changing the existing custody arrangement." *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997)(citations omitted). There are no bright line rules for determining when a change in a child's circumstances will be deemed material enough

to warrant a change in the custody or visitation arrangement. **Roberts v. Roberts**, No. M2000-00216-COA-R3-CV, 2000 WL 1473869, at 2 (Tenn. Ct. App. Oct. 5, 2000) (citing **Taylor v. Taylor**, 849 S.W.2d 319, 327 (Tenn. 1993)).

In the present case, Father argues that the trial judge made no findings of fact related to whether or not there had been a material change in circumstances, and neither party produced any evidence that there had been a material change in circumstances since the trial court's previous order dated June 9, 1997. We disagree.

We first note that Father filed the petition to modify the previous order alleging facts to be considered a change of circumstances. Prior to the hearing, he filed another petition seeking a change of custody specifically stating that there had been a material change of circumstances. Now, on appeal, Father argues that there has been no material change of circumstances to warrant the court's modification of the previous court order. A party cannot take a position on appeal inconsistent with that taken in trial. **Estate of Schultz v. Munford, Inc.**, 650 S.W.2d 37 (Tenn. Ct. App. 1982). Moreover, as a practical matter, it would appear that if this Court were to reverse the trial court as to the issue presented by Father, we would be constrained to remand the case to the trial court to consider a possible Tennessee Rule of Civil Procedure 11 violation by Father.

From our review of the entire record, we find evidence suggesting that the minor child's circumstances have materially changed since entry of the original visitation decision. The child is now older and has started school, causing time constraints on her activities. The evidence does not preponderate against the trial court's finding that the visitation provided for is in the child's best interest.

The order of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, James Brian Hinson, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.

-4-