IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2012 Session

## SHERRY HUTSON v. SAFE STAR TRUCKING ET AL.

**Appeal from the Circuit Court for Cumberland County**
**No. CV004932      John J. Maddux, Jr., Judge**

---

**No. E2012-00651-COA-R3-CV-FILED-OCTOBER 31, 2012**

---

In this case, Sherry Hutson filed a complaint in which she alleged her vehicle was struck by a tractor-trailer ("the tractor") that left the scene of the accident. She seeks to recover under the uninsured motorist ("UM") provisions of a policy providing coverage to the vehicle she was driving. The jury found that no "actual physical contact ha[d] occurred between" the plaintiff's vehicle and the vehicle that left the scene. She appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Thomas D. Dossett, Kingsport, Tennessee, for the appellant, Sherry Hutson.

S. Curtis Rose, Kingsport, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

**OPINION**

I.

The plaintiff's complaint named as defendants Safe Star Trucking and the unknown driver who the plaintiff identified as "John Doe." In addition to process on these two defendants, the plaintiff secured the issuance of process and the service of same, along with a copy of the complaint, on Tennessee Farmers Mutual Insurance Company ("the UM carrier"), whose policy of casualty insurance admittedly provided UM coverage on the

plaintiff's vehicle. At no time in this case, however, was the UM carrier named as a defendant. The process as to Safe Star Trucking and John Doe was returned marked "not deliverable as addressed."

The UM carrier filed an answer denying liability to the plaintiff. Among other things, the answer

> move[d] the Court to strike its name from all pleadings filed and to be filed herein to the extent that its name in its capacity as an alleged uninsured motorist insurance compan[y] not be read to or made in any wise known to any jury that might try this case.

Prior to trial, the UM carrier had a "change of heart"[1] and invoked its right, pursuant to the provisions of Tenn. Code Ann. § 56-7-1206(a) (2008),[2] to defend the plaintiff's suit "in its own name." When the carrier announced its decision, the plaintiff initially objected, but, after some discussion among the parties and the court, she agreed that the carrier had the right to defend in its own name.

---

[1] At oral argument, counsel for the UM carrier stated that its client elected to proceed in its own name in order to disassociate itself from the ownership of the tractor.

[2] Tenn. Code Ann. § 56-7-1206(a) provides, in pertinent part, as follows:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy . . . as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law *in the name of the owner and operator of the uninsured motor vehicle or in its own name*; . . . . and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

(Emphasis added.)

II.

At trial, the plaintiff was the only witness who testified to the facts of the alleged collision. She testified that the tractor collided with her back bumper. She introduced several photographs of her vehicle, which show little if any damage. The plaintiff told the jury that, before the tractor left the scene, she saw the name "Safe Star Trucking" on the side of the vehicle.

III.

In the closing argument phase of the proceedings, both *the plaintiff* and the UM carrier made reference to the "fact of insurance" and even the amount of the UM coverage. Counsel for the plaintiff told the jury,

> we have [Tennessee Farmers] here. They have $50,000 worth of coverage, and we are asking for you to return a verdict in that amount.

IV.

The verdict form in this case includes a number of questions. The first question, and the effect of a "no" answer to the question, are as follows:

> Do you find that actual physical contact has occurred between the motor vehicle owned and operated by the unknown person John Doe and the person or property of the plaintiff?
>
> *   *   *
>
> [If your answer to question number 1 is "No" do not answer any of the remaining questions on this verdict form. . . .]

(Bracketing in original.) The jury checked "No" to the first question. Based on this finding, the trial court dismissed the plaintiff's claim against the UM carrier. This appeal followed.

V.

The plaintiff does not seek to challenge the jury's factual finding of no "actual physical contact."[3] Rather, she argues that the trial court's judgment should be vacated because the trial court should not have allowed the fact of the existence of UM coverage and the amount of the coverage to be revealed to the jury.

VI.

It is clear beyond any doubt that Tenn. Code Ann. § 56-7-1206(a) gives a UM carrier the right to elect to defend "in its own name." Here, the UM carrier ultimately decided to defend the plaintiff's action "in its own name." The plaintiff did not challenge the legality of this decision at trial and does not *directly* challenge it here. Rather, it relies upon later language in the same statutory provision:

> provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

The plaintiff's position is curious. She asked the jury to return a verdict against the UM carrier. Such a position presupposes that the UM carrier is a party to the case; and how else would it have been a party unless there had been "service upon" it? Even if the trial court had committed error in the manner suggested by the plaintiff – and we emphatically state that we find no such error – we would not be required to take notice of the error because of the plaintiff's argument to the jury. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Furthermore, the law does not permit a litigant to take one position at trial and a different and inconsistent position on appeal. ***In re Estate of Schultz v. Munford, Inc.***, 650 S.W.2d 37, 40 (Tenn. Ct. App. 1982).

Going beyond all of the above, we believe the obvious interpretation of the language upon which the plaintiff relies is that when a UM carrier elects to defend in "the name of the owner and operator of the uninsured motor vehicle" then "evidence of service upon the insurance carrier shall not be made a part of the record." When a UM carrier defends in its own name, it necessarily puts on the record that it is involved as a party in the case. To hold otherwise is to reach an absurd result. This we cannot do. *See* ***Brundage v. Cumberland Co.***, 357 S.W.3d 361, 365 (Tenn. 2011).

---

[3]Since the plaintiff was the only witness who testified to the alleged collision, her failure to convince the jury of contact is fatal on the facts to her case. *See* Tenn. Code Ann. § 56-7-1201(e)(1)(A)&(B).

VII.

The judgment of the trial court is affirmed. Costs on appeal are taxed against the appellant Sherry Hutson. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE