Belknap,
No. 4556.

HAROLD I. WILKINSON, *Adm'r v.* SAMUEL B. ACHBER.

Argued February 6, 1957.

Decided April 10, 1957.

*Normandin & Normandin* and *Thomas P. Cheney* (*Mr. Cheney* orally), for the plaintiff.

*Jewett & Jewett, Bernard I. Snierson* and *John P. Chandler* (Mr. *Chandler* orally), for the defendant.

DUNCAN, J.   Since the enactment of RSA ch. 281, it has been the law in this jurisdiction that the exclusive remedy against an employer for accidental injury or death of an employee arising out of and in the course of his employment is that afforded by the Workmen's Compensation Law, unless the employee has previously elected not to accept the provisions of the law as provided by the statute.   RSA 281:2 III, 12.   *Porter v. Barton,* 98 N. H. 104; *Carbonneau v. Company,* 96 N. H. 240.   Since the parties in the pending action have agreed that the decedent did not so elect, and that the defendant was an employer and the decedent an employee within the meaning of the statute, the plaintiff's rights are governed by it, if the injury was accidental, and arose out of and in the course of the decedent's employment.   The plaintiff urges that the questions of whether the injuries were accidental and whether they did or did not arise out of and in the course of the employment are questions of fact upon which he is entitled to the decision of a jury.

The plaintiff has alleged in the third count of his writ that his intestate's death resulted from the defendant's "wilful, deliberate or culpable act," and argues that the injuries which ensued cannot have been "accidental" within the meaning of the statute.   There are cases to be found which hold that injuries deliberately inflicted are not within the coverage of workmen's compensation laws, and some statutes so provide.   2 Larson, Workmen's Compensation, ss. 68.11, 69; note, 26 Ind. L. J. 280; anno. 58 A. L. R. 1379. The plaintiff, however, does not allege an intended injury, but rather a deliberate ordering of the employee to perform an act which produced the explosion.   See *Duncan v. Perry Packing Co.,* 162 Kan. 79; Larson, *supra, ss.* 68:13, 69.   Injuries resulting from intentional acts were compensable under the former Workmen's Compensation Law (*Newell v. Moreau,* 94 N. H. 439) and it is a fair assumption that if the Legislature intended the coverage of the present law to be less inclusive, it would have so provided.   Since it did not do so, the second transferred question is answered in the negative.   The allegations of the third count of the writ do not take the case out of the Workmen's Compensation Law.   On the contrary, count three alleges injuries arising out of and in the

course of the decedent's employment, and the first question is answered affirmatively as to that count.

If however, under the other counts of the writ, it should appear from the evidence that the explosion resulted from a cause unrelated to any act by the employee in the course of her duties (*Manor* v. *Pennington*, 167 N. Y. S. 424), so that the injury did not arise out of her employment (*Dustin* v. *Lewis*, 99 N. H. 404; *Zwiercan* v. *Company*, 87 N. H. 196), the action at law would be maintainable because the injury would be noncompensable. *Levin* v. *Twin Tanners, Inc.*, 318 Mass. 13, 17.

With respect to the first two counts the pleadings present an issue of fact as to whether the injury arose out of and in the course of the employment. Under these counts, the plaintiff is entitled to the finding of a jury on this issue, if there is conflicting evidence upon which there could reasonably be a finding for either party. *Dalgleish* v. *Holt*, 108 Cal. App. (2d) 561; *Dawson* v. *Brooks Company*, 134 N. J. L. 94. See *Battistelli* v. *Connohio Company*, 138 Conn. 646; *Wawrzonek* v. *Central Hudson G. & E. Corp.*, 276 N. Y. 412. On the other hand, if the evidence admits of only one conclusion, the issue will be one of law for the Trial Court. *Fike* v. *Company*, 56 Ohio App. 197. See *Baugh* v. *Rogers*, 24 Cal. (2d) 200, 206.

In the absence of any allegation that the injury was deliberately inflicted, it is not perceived how any issue of fact is likely to arise as to whether it was accidental. *Walter* v. *Hagianis*, 97 N. H. 314, 317.

As to the first two counts, the first question transferred cannot now be answered as a matter of law upon the pleadings. An issue may arise upon the evidence whether the injury can reasonably be found to come within the compensation law; but that question of law must be determined after the evidence has been taken.

> *Exception sustained as to count one and two of the plaintiff's writ, and overruled as to count three; remanded.*

WHEELER, J., took no part in the decision; the others concurred.