James Franklin GONZALES and wife, Amber Raye Gonzales, Plaintiffs–Appellees,

v.

ALMAN CONSTRUCTION COMPANY, Defendant–Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 27, 1993.

Application for Permission to Appeal Denied by Supreme Court June 7, 1993.

David Randolph Smith, Kinnard & Smith, Nashville, for plaintiffs-appellees.

Ronald G. Harris, Neal & Harwell, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

We granted defendant's, Alman Construction Company (Alman), application for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 9 to review the trial court's action in overruling defendant's motion to dismiss the plaintiffs', James Franklin Gonzales and his wife, Amber Raye Gonzales, common law actions against Alman.

Alman insists that plaintiff James Franklin Gonzales' exclusive remedy for injuries he received in the course and scope of his employment with Alman is under the Tennessee Workers' Compensation Act, Tennessee Code Annotated, Section 50–6–101, *et seq.* We agree, and reverse the trial court's refusal to dismiss.

The pertinent facts are as follows:

On 21 November 1990, plaintiff James Franklin Gonzales was injured while working as an employee of Alman Construction Company. Plaintiff was a member of a construction crew on a sewer construction project for the Metropolitan Government of Nashville and Davidson County, Tennessee. Jerry Wilson Anderson was Alman's foreman who was supervising plaintiff Gonzales and several other employees on that date. The construction crew had used explosives to excavate a ditch where the sewer line was to be laid. Immediately prior to the accident in which Mr. Gonzales was injured, Mr. Anderson instructed Mr. Gonzales and another Alman employee, Robert Wetterau, to go back into the ditch and dislodge a piece of rock that lay in the path where the sewer line was to be laid. Mr.

Gonzales started using a pavement breaker to dislodge rock and, in doing so, apparently hit an undetonated blasting cap. It exploded and Mr. Gonzales lost his leg.

Plaintiff Gonzales had no training, certification or education in blasting activities. He was hired as a pipe layer. The tools of his trade were a shovel and a strong back. He did not have a blasting card as required by Tennessee Code Annotated, Section 68–105–106. In fact, none of the persons who were using dynamite on the job site on 21 November were registered, accredited, or licensed to possess or use dynamite as required by the laws and regulations of the State of Tennessee. Tenn.Code Ann. § 68–105–106. The persons using the dynamite to blast on that date, including plaintiff Gonzales, were all unskilled and untrained in the use of dynamite in blasting.

It is alleged, and not denied, that because the blasting crew did not know how to conduct safe blasting operations, they did not use the correct blasting caps and did not use the correct type of detonator cord. The result was that the crew successfully detonated the dynamite sticks but had no way of counting the explosions to assure that the number of sticks that had been wired actually exploded.

After setting off a blast that had been wired with multiple sticks of dynamite, a portion of rock remained in the hole. After an attempt to break the rock with a backhoe did not succeed, Mr. Gonzales was directed by Jerry Wilson Anderson to return to the hole and jackhammer the rock. Mr. Gonzales returned to the hole to jackhammer the rock and, in doing so, came in contact with or in close proximity to a stick of dynamite and a blasting cap which had not been detonated. There was an explosion and plaintiff was injured.

Plaintiffs' complaint alleges that Alman had a long history of TOSHA violations relating to blasting and the use of explosives. The affidavit of Chris Heglar, Industrial Safety Specialist with the Department of Labor, Division of Tennessee Occupational Safety and Health Administration, included as an exhibit a report prepared by a Bureau of Alcohol, Tobacco and Firearms investigator, dated 5 December 1990, which stated that "[t]he State has been citing Alman since January 2, 1985." The President of Alman had been previously warned concerning the deficiencies and the use of explosives prior to 21 November 1990 and it was the opinion of the State inspector that Alman was in willful violation of state blasting safety regulations on 21 November.

Alman's sole issue is: "Whether the plaintiff-employee's common law action against the defendant employer for his work-related injuries is barred by the exclusive remedy provision of the Tennessee Workers' Compensation Law, TENN. CODE ANN. § 50–6–108."

Alman filed a motion to dismiss plaintiffs' complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6). In support of its motion to dismiss, Alman submitted the affidavits of Jerry Wilson Anderson, G.W. Field and Robert Behnke. When matters outside the pleadings are presented, the motion may be sustained as a motion to dismiss, or, if evidence be considered, it may be treated as a motion for summary judgment and disposed of as provided in Tennessee Rule of Civil Procedure 56. Tenn.R.Civ.P. 12.02.

If the complaint fails to state a claim for which relief may be granted, the motion to dismiss should be sustained without considering evidence.

Summary judgments are an efficient means to conclude cases that can be disposed of on legal issues alone. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn.1988); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn. 1981). Summary judgments are not substitutes for trials. *Jones v. Home Indem. Ins. Co.*, 651 S.W.2d 213, 214 (Tenn.1983). However, they go to the merits of the complaint and should not be taken lightly. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978).

No presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law. Thus, on appeal we must make a

fresh determination concerning whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Hill v. City of Chattanooga,* 533 S.W.2d 311, 312 (Tenn.App.1975). In doing so, we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent and we must draw all reasonable inferences in the opponent's favor. *Blocker v. Regional Medical Ctr.,* 722 S.W.2d 660 (Tenn.1987).

Generally, summary judgment is not appropriate in negligence actions. *Bowman v. Henard,* 547 S.W.2d 527 (Tenn. 1977). The procedure was designed to provide a quick, inexpensive means of concluding cases on issues as to which there is no dispute regarding material facts, but was in no wise designed for the trial of factual issues. It can be granted only when the pleadings, stipulations, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Phillips v. Pittsburgh Consol. Coal Co.,* 541 S.W.2d 411 (Tenn.1976); *Evco Corp. v. Ross,* 528 S.W.2d 20 (Tenn.1975).

In determining whether or not a genuine issue of fact exists in a summary judgment case, we must look at all the evidence, take the strongest legitimate view of it in favor of the opponent of the motion and allow all reasonable inferences from it in his favor, discard all countervailing evidence, and if then there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. Tenn.R.Civ.P. 56.-03; *Berry v. Whitworth,* 576 S.W.2d 351 (Tenn.App.1978).

In the instant case, Alman argues that it is entitled to summary judgment as a matter of law because the plaintiffs' common law action is barred by the exclusive remedy provision of the Tennessee Workers' Compensation Act.

The plaintiff insists that Alman, as his employer, may be held responsible for his injuries under common law if the injury is not accidental but is the result of an intentional injury. Plaintiff further argues that for the exclusive injury provision of the Tennessee Workers' Compensation Act to apply to insulate the employer, the injury must be unforeseen, unexpected and fortuitous. Otherwise, there is no protection or benefits in the Workers' Compensation Act.

Plaintiff admits that under current Tennessee law there must be a deliberate intent to injure an employee in order to establish the employer's common law liability.

In their complaint, plaintiffs alleged, *inter alia:*

Prior to November 21, 1990, Alman Construction Company was well aware, and in fact knew of, the serious danger presented by untrained, unregistered and unskilled persons using dynamite. On several prior occasions Alman Construction Company had been cited for violations of applicable NFPA Explosive Materials Code requirements (especially Section 495) and occupational safety and health standards for the construction industry relative to the use of dynamite, particularly those set forth in Section 1926 *et sec.* of the *OSHA Standards for the Construction Industry,* 29 C.F.R. § 1926. Alman Construction Company intentionally and willfully continued to explode dynamite at the hands of persons who were not trained or properly skilled. The willful and intentional misconduct of Alman Construction Company was the subject of an investigation by the Tennessee Department of Labor's Occupational Safety and Health Division. In connection with the subject incident Tennessee OSHA inspectors completed an investigation, a true and correct copy of which (investigative report) is attached hereto as Exhibit "1". The Tennessee OSHA observed in its report:

"In a situation where a high degree of danger is apparent, as in hazards associated with trenching and blasting, there appears to have been a conscious indifference [to] the consequences. The Company's unconcern of probable consequences after the fact that Alman has been previously cited repeatedly in the past, and the large

number of violations observed and the fact that Morris Thurman, President, in previous informal conferences has said that he would insure that such training would be accomplished....

The apparent complete indifference by the foreman and blaster of the catastrophic risks created by the number of violations relating to the use of explosive, leads to the conclusion by the Inspector that the violations constitute a willful violation of the standard."

While the affidavits in opposition to the motion for summary judgment support this allegation, the affidavits are not factual but are based upon a matter not proper for opinion evidence, a matter which is a question of law.

The affidavit of Police Sergeant Wallace Elmore of the Departmental Bomb Squad, submitted in opposition to the defendant's motion for summary judgment, makes the conclusion that the use of dynamite in the instant case was a deliberate intent to injure the Alman employees, who were utterly unfit to be conducting blasting operations.

Tennessee Code Annotated, Section 50–6–108(a) provides:

The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

There is an exception to the exclusive remedy provisions of Tennessee Code Annotated, Section 50–6–108. If the employee is able to prove the employer had an actual intent to injure the employee, then the exclusive provisions of the Workers' Compensation Act do not apply. *Mize v. Conagra, Inc.,* 734 S.W.2d 334 (Tenn. App.1987); *King v. Ross Coal Co.,* 684 S.W.2d 617 (Tenn.App.1984). However, it takes more than a mere inference of tortious intent to convert the defendant's negligence into an intentional tort. *King,* 684 S.W.2d at 620. Proof of gross negligence or even criminal negligence is not sufficient to establish the requisite and actual intent to injure that allows an employee to maintain a common law action against his employer. *Mize,* 734 S.W.2d at 336; *Cooper v. Queen,* 586 S.W.2d 830 (Tenn.App.1979).

In *King v. Ross Coal Co.,* 684 S.W.2d 617 (Tenn.App.1984), the plaintiff was seriously and permanently injured when rock fell on him while he was working for the defendant employer in a strip mining operation. The plaintiff employee sought to circumvent the exclusive remedy provisions of the Workers' Compensation Act by alleging the defendant employer had committed an intentional tort. Based upon the uncontroverted affidavits of six of plaintiff's fellow employees, plaintiff established that the employer strip mining operation was a "high wall" which was exceedingly dangerous to the employees working at the base of the wall, that these employees advised the owners and foremen of the dangerous condition and made repeated requests to remedy the dangerous situation, all of which were refused, that several employees refused to work under the high wall, that there were repeated rock slides at the wall over a period of several weeks prior to plaintiff's knee injury, and that the situation could have been remedied safe by blasting, which was declined because of the extra expense. Plaintiff's usual occupation was a mechanic but he was injured by the rock fall when he was operating a drilling machine under the high wall. *King,* 684 S.W.2d at 619. The defendant employer did not introduce any countervailing evidence which denied the plaintiff's proof. *Id.*

The plaintiff contended, based upon these facts, that "the incident which resulted in his injuries was not an 'accident' ... but was an intentional tort committed upon him by his employer, thus removing the exclusive remedy provisions of the Workers' Compensation Law." The allegations of the complaint were, *inter alia:*

[D]efendants, with knowledge and consciousness that injury was likely to re-

sult to the plaintiff and others in his position, did negligently, willfully, maliciously, outrageously, wrongfully, deliberately, wantonly and recklessly subject the plaintiff to known danger and that such acts and omissions were equivalent to a deliberate attempt to produce such injury as occurred to the plaintiff, thus subjecting said defendants to common law liability.

*King*, 684 S.W.2d at 618.

The trial court granted the defendant's motion for summary judgment based upon the exclusive remedy provision of the Workers' Compensation Act. This Court affirmed, holding that there was no fact stated in the affidavit sufficient to establish an actual intent on the part of the employer to cause the injury and, therefore, the defendant was entitled to judgment as a matter of law. *King*, 684 S.W.2d at 620. This Court held that, while the facts might be sufficient to take to the jury the issue of "gross, wilful, and wanton negligence," Tennessee Code Annotated, Section 50-6-108 bars that course of action as a remedy. 684 S.W.2d at 620. This Court further quoted from 2A Lawson, *Workmen's Compensation Law*, regarding the differences between other degrees of culpable conduct and the actual intent to injure which must be proven to overcome the bar of the exclusive remedy provisions. That portion of Professor Lawson's treatise is as follows:

Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury*.... Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, [or] wilfully and unlawfully violating a safety statute,

this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character.

*King*, 684 S.W.2d at 619 (citing 2A Lawson, *Workmen's Compensation Law*, § 68.13 at 13-5 (1982)) (emphasis added).

In *Mize v. Conagra, Inc.*, 734 S.W.2d 334 (Tenn.App.1987), personal representatives of several deceased employees brought wrongful death suits against the defendant employer based upon a fire and explosion at defendant's manufacturing facility that killed the plaintiffs decedents. The explosions apparently resulted from an accumulation of grain dust and inadequate ventilation. *Id.*, at 335. The defendant had been warned of the dangerous nature of the condition and was subsequently penalized for violation of the Tennessee Occupational Safety and Health Act. *Id.* at 335-36.

In *Mize*, the plaintiffs, in order to avoid the exclusive remedy provision of the Worker's Compensation Act, alleged that the defendant had knowledge of the dangerous conditions, that it knew or should have known that the explosion might occur, that the defendant neglected warnings, and that defendant's actions were a "wanton and flagrant gross disregard for human life." *Id.* at 336. The plaintiffs argued that "the defendant's violation of safety regulations constitutes an intentional tort which is not barred by the exclusive remedy provisions of the Act." *Id.*

In the cited case, the trial court granted the defendant's motion for summary judgment and dismissed the plaintiffs' lawsuits. This Court affirmed the lower court's grant of summary judgment, stating in part: "Our cases have established a breach of an employer's duty to provide a safe place to work is not equated with an actual intent to injure nor intentional tortious conduct." (citations omitted) *Id.* This Court further stated that "[w]hile the allegations and record establish the defendant operated its business in a grossly negligent manner, we pointed out in *Cooper* [*Cooper v. Queen*, 586 S.W.2d 830 (Tenn.App.1979)] there is a distinct difference, both factually and legally, between gross or criminal negligence and actual intent to injure." *Id.*

■ We think it is clear that the law in Tennessee requires proof of an actual intent to injure an employee in order to avoid the exclusive remedy provisions of the Workers' Compensation Act.

It is particularly important to consider the language from Lawson, quoted with approval and followed by this Court in both *King* and *Mize*. "[K]nowingly permitting a hazardous work condition to exist, knowingly ordering [an employee] to perform an extremely dangerous job, wilfully and unlawfully violating a safety statute, ... still falls short of the kind of *actual intention* to injure that robs the injury of accidental character" for the purpose of allowing the employee to bring a common law action. *Mize*, 734 S.W.2d at 336; *King*, 684 S.W.2d at 619.

■ In the instant case, plaintiff's allegations are insufficient as a matter of law to constitute the actual intent to injure which is necessary to avoid the exclusive remedy provisions of the Tennessee Workers' Compensation Act. The plaintiff's common law tort action must be dismissed for failure of this complaint to state a claim for which relief can be granted.

Plaintiff's remedies for his work-related injuries are exclusively through the provisions of the Tennessee Workers' Compensation Act. Absent allegations of facts which support actual intent, an employee cannot maintain a common law action against his employer for his work-related injuries. Defendant's affidavit denies actual intent to injure. The evidence offered by plaintiff does not refute this denial.

Our review of the affidavits submitted in opposition to summary judgment show that plaintiff's argument is based upon the assertion that defendant allowed plaintiff to work with explosives and that plaintiff, subsequent to the accident, contends that he was untrained and inexperienced in their use. We are asked to infer from this, along with the opinion of Mr. Elmore, that the use of dynamite by an untrained person makes an injury substantially certain and, in Mr. Elmore's opinion, shows that defendant intended to injure Mr. Gonzales. The lack of training is the only basis for plaintiff's current opinion that Alman deliberately and intentionally injured him. Taking those opinions and the fact that defendant Alman had received safety citations, plaintiff asks the Court to infer that defendant had the actual intent to injure plaintiff. This contention does not logically result in the conclusion that defendant intended to harm plaintiff, and is insufficient as a matter of law to support the common law action.

■ The law in this State provides that a breach of the employer's duty to provide a safe place to work is not equated with an actual intent to injure nor with intentional tortious conduct. *Mize v. Conagra, Inc.*, 734 S.W.2d 334, 336 (Tenn.App.1987); *King v. Ross Coal Co.*, 684 S.W.2d 617 (Tenn. App.1984); *Estate of Schultz v. Munford, Inc.*, 650 S.W.2d 37 (Tenn.App.1982); *Cooper v. Queen,* 586 S.W.2d 830 (Tenn.App. 1979).

Plaintiff alleges that the defendant's conduct includes "knowingly ordering claimant to perform an extremely dangerous job." Even this conduct falls short of the actual intent to injure. *Mize*, 734 S.W.2d at 336; *King*, 684 S.W.2d at 619.

"Under our case authority, plaintiffs's allegations that defendant knowingly permitted dangerous working conditions to exist and violated safety regulations is not sufficient to subject defendant to common law liability." *Mize v. Conagra, Inc.*, 734 S.W.2d at 336. Even if it be shown that defendant was guilty of a willful and unlawful violation of a safety statute, this still falls short of actual intention to injure sufficient to deprive the injury of its accidental character for the purposes of subjecting the defendant to a common law action. *Mize*, 734 S.W.2d at 336; *King*, 684 S.W.2d at 619.

■ Therefore, proof of safety violations, even if they are shown to be willful, does not provide a sufficient basis to infer actual intent to injure the plaintiff. The plaintiffs have not raised a material issue of fact, by attempting to show a willful violation of a safety regulation, which

would preclude the grant of summary judgment.

The motion to dismiss the complaint for failure to state a claim was properly sustained. When the motion is considered as one for summary judgment, it was properly sustained.

It therefore results that the judgment of the trial court in refusing to grant defendant's motion for summary judgment is reversed and the cause remanded to the trial court. On remand, the trial court shall enter an order dismissing the plaintiff's common law action.

Costs of this appeal are assessed to the plaintiffs-appellees and the cause remanded to the trial court for the collection of costs, for the entry of an order consistent with this opinion and for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.