SUSAN FERRELL,                     )
                                   )      APPEAL NO.
        Plaintiff/Appellant,       )      01A01-9707-CH-00339
                                   )
v.                                 )
                                   )      Rutherford Chancery
BLUE BIRD OF TENNESSEE, INC. )            No. 96MI-41
                                   )
        Defendant/Appellee.        )

FILED

November 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE RUTHERFORD COUNTY CHANCERY COURT

AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

ROBERT T. CARTER, ESQ.
Henry, McCord, Bean & Miller, P.L.L.C.
300 North Hackson Street
P.O. Box 538
Tullahoma, Tennessee 37388
ATTORNEY FOR THE PLAINTIFF/APPELLANT

DAVID W. KIOUS
1535 West Northfield Boulevard
8 Lincoln Square
Murfreesboro, Tennessee 37129
ATTORNEY FOR THE DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

                              WALTER W. BUSSART, JUDGE
                OPINION

This is an appeal by plaintiff/appellant, Susan Ferrell, from the order of the Rutherford County Chancery Court dismissing her employment discrimination action against defendant/appellee, Blue Bird of Tennessee, Inc. ("Blue Bird"), on summary judgment. The pertinent facts are as follows.

Blue Bird is a corporation which sells and services buses. The president of Blue Bird is George Law. Blue Bird employed Ms. Ferrell for approximately five years before her termination on August 17, 1995. Blue Bird originally hired Ms. Ferrell to pick, receive, and pack parts. As her employment continued, she began to take on additional responsibilities. At the time of her termination, Ms. Ferrell worked with parts, service, warranty, communication, inventory, and special projects.

Ms. Ferrell and two other female employees returned from lunch late on August 17, 1995. Mr. Law asked and/or told the women to come into his office upon their return. He admonished all three for their tardiness. The conversation between Ms. Ferrell and Mr. Law continued and escalated. Mr. Law testified in his deposition that Ms. Ferrell became defensive, irritated, and irrational and began to cry hysterically. Thereafter, Mr. Law terminated Ms. Ferrell's employment. Mr. Law testified that Ms. Ferrell had been a good employee, but she was temperamental.

Ms. Ferrell applied for unemployment compensation. At the request of the Department of Employment Security, Mr. Law informed the department he had terminated Ms. Ferrell due to her unsatisfactory communication skills with co-workers, management, and others. Blue Bird hired John Mitchell in September of 1995. Mr. Mitchell worked under James Bowers, Ms. Ferrell's former supervisor, and handled parts, inventory and special projects.

Ms. Ferrell filed her complaint against Blue Bird on 16 January 1996. She alleged Blue Bird violated the Tennessee Human Rights Act[1] by terminating her and replacing her with a man at a higher salary. Blue Bird filed an answer followed by a motion for summary judgment. In support of the motion, Blue Bird filed the

---

[1] TENN. CODE ANN. § 4-21-101 to -1004 (1991 & Supp. 1997).

2

affidavit of E. Ray Earnest and the depositions of the parties.[2]  Ms. Ferrell responded to the motion and attached George Law's deposition; a letter from a Blue Bird customer; an affidavit from a Blue Bird employee, Rosanne Riddle; and the separation notice from the State.  The trial court found as follows:

> 1.    Plaintiff has asserted certain controverted facts in her burden to establish a prima facie case pursuant to <u>McDonnell Douglas Corporation v. Green</u> test that would make such determination thereof better left as an issue for the jury.
> 2.    Defendant has stated a legitimate nondiscriminating reason for firing the Plaintiff.  Therefore, the burden shifts back to the Plaintiff to show that the legitimate reason for firing was not the true reason but merely a pretext for discrimination.
> 3.    Plaintiff fails to offer any material facts to rebut the finding that the firing was legitimate, and therefore Defendant's Motion should be granted.

Thereafter, Ms. Ferrell filed a timely notice of appeal.  She contends the chancellor erred in granting Blue Bird's motion for summary judgment.

## I.    Standard of Review

This court reviews a trial court's order granting a motion for summary judgment as if we were making the initial ruling.  ***See Gonzales v. Alman Constr. Co.***, 857 S.W.2d 42, 44-45 (Tenn. App. 1993).  Before a party can prevail on a motion for summary judgment, they must demonstrate there are no genuine issues as to any material fact and the law entitles the party to a favorable judgment.  ***See Byrd v. Hall***, 847 S.W.2d 208, 214 (Tenn. 1993).  The court must resolve three questions when determining whether there are no genuine issues as to any material fact.  These are: "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial."  ***Id.***

Initially, the movant has the burden of demonstrating the requirements of summary judgment.  ***See id.*** at 215.  "A conclusory assertion that the nonmoving party has no evidence is clearly insufficient."  ***Id.***  Once the movant makes a properly supported motion, the burden shifts to the nonmovant to provide contradictory evidence using affidavits or any of the other discovery materials listed in Rule 56.03.

---

[2]  Although neither the affidavit nor Ms. Ferrell's deposition appear in the record as filed, Blue Bird filed a motion to supplement the record.  The motion is hereby granted.

*See id.*

## II.    Analysis

Application of these principles to the present case creates an interesting situation. To explain, the parties in a case alleging discriminatory discharge will seldom agree on one fact, that is, the reason for the termination. This will generally be a disputed fact. Thus, this court's decisions on whether the disputed fact is "material" and whether there is "a genuine issue" are critical. The Tennessee Supreme Court defined a material fact as follows:

> A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Therefore when confronted with a disputed fact, the court must examine the elements of the claim or defense at issue in the motion to determine whether the resolution of that fact will effect the disposition of any of those claims or defenses.

*Id.* "[T]he test for a 'genuine issue' is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other. . . . In making this determination, the court is to view the evidence in a light favorable to the nonmoving party and allow all reasonable inferences in his favor." *Id.* An understanding of the legal standards involved in discrimination suits is necessary before determining whether the factual dispute is material or creates a genuine issue.

This court has set forth the duties of each party in a discriminatory discharge case as follows:

> An age discrimination plaintiff has the burden of establishing a *prima facie* case by using the traditional criteria set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)[3] or through direct, circumstantial, or statistical evidence. *See Bruce*, 669 S.W.2d at 97; *see also Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 940 (6th Cir. 1987). Once the plaintiff has established a *prima facie* case through either of these methods, the burden of proof shifts to the employer to rebut the presumption of discrimination by articulating a legitimate nondiscriminatory reason for the employment decision. *Silpacharin v. Metropolitan Gov't*, 797 S.W.2d 625, 629

---

[3] A sex discrimination plaintiff must demonstrate the following: 1) he is a member of a protected class; 2) he was subjected to adverse employment action; 3) he was qualified for the position; and 4) he was replaced by a person of the opposite sex. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668, 677 (1973) (setting forth the factors in racial discrimination cases); *Brenner*, 874 S.W.2d at 584 (applying the *McDonnell* factors in a case alleging a violation of the Tennessee Human Rights Act).

(Tenn. App. 1990); *Bruce*, 669 S.W.2d at 97. Once the employer has satisfied the burden of articulating a legitimate nondiscriminatory reason for its employment decision, the burden of proof again shifts to the plaintiff to prove that the employer's reason is a mere pretext or that the employer's proffered explanation is not worthy of belief. *Id.*

**Brenner v. Textron Aerostructures, a Div. of Textron, Inc.**, 874 S.W.2d 579, 583 (Tenn. App. 1993). "It is important to note, however, that although the *McDonnell Douglas* presumption shifts the burden of *production* to the defendant, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" **St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407, 416 (1993) (quoting **Texas Dep't of Comm. Affairs v. Burdine**, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207, 215 (1981)).

Application of the law to the facts reveals that while the factual dispute is material, there is no genuine issue for the fact finder. The determination of why Blue Bird terminated Ms. Ferrell is certain to affect the disposition of the claim, thus, making the factual dispute material. However, it is the opinion of this court that there is no genuine issue. Our decision is based on the legal standards heretofore explained and the evidence presented by both the parties. Under the law, the fact finder must determine whether the plaintiff has produced sufficient evidence that the legitimate, nondiscriminatory reason asserted by the defendant was pretextual. It is Blue Bird's contention that it terminated Ms. Ferrell because of her poor communications skills. The deposition of George Law and the separation notice of the Tennessee Department of Employment Security support this explanation. Ms. Ferrell claims Blue Bird terminated her because she was female and relies on the affidavit of Roseanne Riddle, her sister and former co-worker, to support her claim. Ms. Riddle states the following in the affidavit:

> 5. Without question, Susan Ferrell was terminated because she was female. . . . I asked George Law what he meant by this statement and he said "Well, when you have a child, you're not going to work."
> 6. George Law further told me on many occasions that women need to stay at home with their children and that is what is wrong with the world today, is that too many do not.
> 7. . . . I was required to pay for my husband's air fare. The company (Blue Bird of Tennessee) paid the air fares for the wives of the male employees.
> 8. . . . After Susan Ferrell had a baby, George Law said, on several occasions: "Somebody needs to go, but Susan cannot go--she has a family now."

9.     Without question, Susan Ferrell's firing in August of 1995 was pretextual.

As a matter of law, the plaintiff must ultimately produce some evidence that the termination was due to discrimination. There is no such showing here, that is, a reasonable jury could not legitimately resolve the fact in favor of Ms. Ferrell. The only evidence is that Mr. Law made general statements about having children and work and the role of women in child care. While these are certainly questionable opinions; they are just that. It is too much of a stretch to attach these statements to Ms. Ferrell's termination.

Ms. Ferrell has simply failed to produce evidence of discrimination under the Tennessee Human Rights Act. The trial court correctly granted summary judgment in favor of Blue Bird as there was no genuine issue as to a material fact.

Therefore, it follows that the decision of the chancery court is affirmed and remanded for any further necessary proceedings. Costs of this appeal are taxed against plaintiff/appellant, Susan Ferrell.

_____
WALTER W. BUSSART, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR. JUDGE