IN THE COURT OF APPEALS OF TENNESSEE

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| TRW KOYO STEERING SYSTEMS COMPANY, | ) C/A NO. 03A01-9706-CH-00226 |
| | ) |
| Petitioner-Appellee, | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) MONROE COUNTY CHANCERY COURT |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| JOHN D. SNAVELY, | ) |
| | ) HONORABLE EARL H. HENLEY, |
| Respondent-Appellant. | ) CHANCELLOR |

For Appellant

JOHN D. SNAVELY, Pro Se
Huntsville, Alabama

For Appellee

JERRI S. BRYANT
Carter, Harrod & Cunningham
Athens, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This is a suit for declaratory judgment. The petitioner, TRW Koyo Steering Systems Company ("TRW Koyo"), seeks a declaration that a document filed by the defendant, John D. Snavely ("Snavely"), in the Monroe County Register of Deeds' office is a cloud on its title to real property in Monroe County. The trial court granted TRW Koyo summary judgment, decreeing that the purported lien filed by Snavely "is...of no legal effect and, thus, is lifted and removed from [TRW Koyo's] title." Snavely appealed *pro se*.

We must decide anew if summary judgment is appropriate in this case. *Gonzales v. Alman Const. Co*., 857 S.W.2d 42, 44-45 (Tenn.App. 1993). TRW Koyo is entitled to summary judgment if the record before us "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.04, Tenn.R.Civ.P. We must decide a question of law: Do the facts before us show that the moving party, TRW Koyo, is entitled to judgment in a summary fashion? *See* *Gonzales*, 857 S.W.2d at 44.

Snavely claims a "common law lien" on property of TRW Koyo by virtue of a document filed in the Monroe County Register of Deeds' office. The document is five pages in length and is entitled "Notice and Service of a Common-Law Lien." It is directed at real property in that county deeded to TRW Koyo by warranty deed dated and filed of record on August 3, 1988. According to the warranty deed, TRW Koyo is a partnership composed of TRW Asian Steering, Inc. and Koyo Delaware, Inc.,

2

both of which are identified in the deed as Delaware corporations.

Snavely's "common law lien" includes a "Declaration in Case for Slander."  It seeks damages of $20,000,000 against V. A. Smith, President, TRW Credit Data Division; TRW Credit Data Division; Joseph T. Gorman, President and Chief Executive Officer, TRW Incorporated; and TRW Incorporated.  It is not expressly directed to the appellee, TRW Koyo.  Snavely's "common law lien" ends with the sentence -- "and therefore he brings his suit."

The trial court was correct in granting TRW Koyo summary judgment.  While the "common law lien" was expressly directed at property owned by TRW Koyo, it demonstrates absolutely no claim, *of any kind*, against TRW Koyo.  In fact, the purported lien is no lien at all.  It does not satisfy the statutory requirements for a judgment lien, *see* T.C.A. § 25-5-101(b), or a lien *lis pendens*, *see* T.C.A. § 20-3-101.  It is nothing more than a statement of a claim against individuals and entities, none of whom own an interest in the real property in question.  We find and hold that TRW Koyo is entitled to the removal of this "lien" as a cloud on its title.

The judgment of the trial court is affirmed.  Costs on appeal are taxed against the appellant.  This case is remanded to the trial court, for the enforcement of that court's judgment and collection of costs assessed below, all pursuant to applicable law.

3

                                        _____
                                        Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.