Michael Keith Newcomb, and wife Caroline) 
Newcomb, Darden E. Davis and wife, Ann ) 
J. Davis, )
     Plaintiffs/Appellants, )
v. )
William Gonser, and wife Lois Gonser, )
     Defendants/Appellees, )
and )
Christopher Gonser, and wife Lisa Gonser, )
and Shirley Zeitlin & Company. )

Appeal No.
  01-A-01-9705-CH-00220

Rule No. 95-1061-I

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE JR., CHANCELLOR

GREGORY L. CASHION
CAROL R. DUNN
Manier, Herod, Hollabaugh & Smith
150 Fourth Avenue, North, Suite 2200
Nashville, Tennessee 37219
ATTORNEY FOR THE PLAINTIFFS/APPELLANTS

JOHN J. HOLLINS, JR.
Hollins, Wagster & Yarbrough, P.C.
424 Church Street, 2210 SunTrust Center
Nashville, Tennessee 37219
ATTORNEY FOR THE DEFENDANTS/APPELLEES

REVERSED AND REMANDED

WALTER W. BUSSART, JUDGE

OPINION

This is an appeal by plaintiffs/appellants, Michael and Caroline Newcomb and Darden and Ann Davis, from the decision of the Davidson County Chancery Court granting the motion for summary judgment filed by defendants/appellees William and Lois Gonser. The facts out of which this matter arose are as follows.

Christopher and Lisa Gonser purchased a home at 604 Georgetown Drive, Nashville, Tennessee in late 1992. Due to financing problems, Christopher Gonser's parents, William and Lois Gonser, obtained the financing for the home. After the closing, Christopher and Lisa quitclaimed the property to Christopher, William, and Lois.

In October 1993, Christopher learned his employer planned to terminate his position within the next 60 days. Christopher listed the house for sale. The real estate agent had Christopher and Lisa sign a "Written Condition of Property Disclosure Statement." The disclosure statement provided that the pool was in working condition, had no known defects, was not in need of repair, and had not had any repairs in the last 6 months.

Michael and Caroline Newcomb were looking for a home in Nashville. Caroline's parents, Darden and Ann Davis, had agreed to help with the financing. The Newcombs were shown the house on three occasions from November 10 until November 13. On November 13, they presented the Gonser's agent with a contract for sale thereby making an offer to purchase the home. The agent returned the signed contract along with a copy of the disclosure statement later that same day. Christopher signed the contract on his own behalf and on behalf of his parents as their attorney-in-fact. The contract also included an inspection addendum regarding both the house and the pool. Christopher signed the addendum on behalf of himself and his parents.

On November 16, 1993, William and Lois Gonser executed a power of attorney naming Christopher as their attorney-in-fact for the purposes of the sale. The closing occurred on December 15, 1993 with Christopher acting as attorney-in-fact for his parents.

The Newcombs filled the pool in the Spring of 1994 and realized it was

leaking. Appellants filed a complaint on 4 April 1995. The complaint named Christopher, Lisa, William and Lois Gonser and Shirley Zeitlin & Company as defendants. Appellants alleged all the defendants were liable for fraud and/or intentional misrepresentation, violations of the Tennessee Consumer Protection Act, and Christopher's breach of contract. Appellants voluntarily dismissed Shirley Zeitlin & Company.

Appellees and defendants, Christopher and Lisa Gonser, filed a motion for summary judgment on 26 November 1996. They argued the trial court should grant their motion because "neither party made any representations whatsoever regarding the condition of the Plaintiff's pool prior to December 15, 1993." Appellees relied on Lois Gonser's affidavit and their memorandum of law with attachments to support the motion. Appellants responded by alleging Appellees were liable for the misrepresentations because Christopher was their agent.

The trial court granted summary judgment in favor of William and Lois Gonser on 17 January 1997. Appellants filed a motion requesting the court make the summary judgment order final pursuant to Rule 54.02 and a notice of voluntary dismissal as to Christopher and Lisa Gonser. The court granted Appellants' motion and filed an order on 26 February stating its earlier order was a final order pursuant to Rule 54.02 and dismissing all claims against Christopher and Lisa Gonser without prejudice. Appellants filed their notice of appeal on 20 March 1997. It is the opinion of this court that the trial court erred in granting Appellees' motion because they failed to establish they were entitled to a judgment as a matter of law.

## I.     Summary Judgment

This court reviews a trial court's decision to grant a motion for summary judgment as if we were making the initial ruling. *See Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn. App. 1993). Before a party can prevail on a motion for summary judgment, they must demonstrate there are no genuine issues as to any material fact and the law entitles the party to a favorable judgment. *See Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The court must resolve three questions when determining whether there are no genuine issues as to any material fact. These are: "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to

3

the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." *Id.* The Tennessee Supreme Court defined a material fact as follows:

> A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Therefore, when confronted with a disputed fact, the court must examine the elements of the claim or defense at issue in the motion to determine whether the resolution of that fact will effect the disposition of any of those claims or defenses.

*Id.* at 215. "[T]he test for a 'genuine issue' is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other. . . . In making this determination, the court is to view the evidence in a light favorable to the nonmoving party and allow all reasonable inferences in his favor." *Id.*

Initially, the movant has the burden of demonstrating the requirements of summary judgment. *See id.* "A conclusory assertion that the nonmoving party has no evidence is clearly insufficient." *Id.* Once the movant makes a properly supported motion, the burden shifts to the nonmovant to provide contradictory evidence using affidavits or any of the other discovery materials listed in Rule 56.03. *See id.*

## II. Analysis

We begin our analysis by determining whether Appellees demonstrated a lack of material factual disputes and entitlement to judgment. Appellees claim they are entitled to a judgment in their favor because Appellees did not make any misrepresentations directly to Appellants. Essentially, Appellees' argument is that they are entitled to a judgment as a matter of law because Appellants can not establish an element of their claims, i.e., the existence of a misrepresentation. Thus, this court must examine the elements of Appellants' various claims and the means of proving those elements. The existence of a misrepresentation is an element in each of Appellants' claims.

Appellants first claim is fraud and/or intentional misrepresentation. The elements of fraud are:

> Actions for fraud contain four elements: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance

on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of promissory fraud, that it involve a promise of future action with no present intent to perform. Nondisclosure will give rise to a claim for fraud when the defendant has a duty to disclose and when the matters not disclosed are material.

*Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. App. 1992) (citations omitted). Proof of an intentional misrepresentation is the first element of fraud when the claim is not based on nondisclosure. *See id*; *Fairway Village Condo. Ass'n v. Connecticut Mut. Life Ins. Co.*, 934 S.W.2d 342, 347 (Tenn. App. 1996). Therefore, proof of a misrepresentation is an element of Appellants' first claim.

Appellants' second claim is violation of the Tennessee Consumer Protection Act.[1] The Act provides:

Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

TENN. CODE ANN. § 47-18-109(a)(1) (1995). Neither the Tennessee courts nor the federal courts have defined the terms "unfair" and "deceptive" with any certainty. Nevertheless, the Tennessee Supreme Court has accepted the contention that a misrepresentation can constitute an "unfair" and "deceptive" act or practice. *See Ganzevoort v. Russell*, 1997 WL 273980, at *7 (Tenn. May 27, 1997) (mandate issued 16 September 1997). Thus, proof of a misrepresentation can be an element of a claim brought pursuant to the Tennessee Consumer Protection Act.

Appellants' final claim is that Appellees are liable under the terms of the contract for Christopher's breach of the contract. Success on this claim requires Appellants to establish a breach by Christopher and a provision of the contract holding Appellees liable. It appears from the complaint Appellants claim Christopher breached the contract by misrepresenting the condition of the pool. Therefore, it is necessary for Appellants to prove the existence of a misrepresentation before they can

---

[1] The Tennessee Supreme Court recently held that the action provided by the Tennessee Consumer Protection Act for unfair and deceptive practices does not apply to a seller "who is not generally engaged in the sale of residential property." *Ganzevoort v. Russell*, 1997 WL 273980, at *6-7 (Tenn. May 27, 1997) (mandate issued 16 September 1997). We do not address the issue of whether the Act is applicable to Appellees because there is not enough evidence in the record to make this determination and the parties did not brief the issue.

hold Appellees liable under the contract.

Because proof of a misrepresentation is an element of each of the claims discussed above, Appellees will prevail on summary judgment if they can demonstrate that the undisputed facts establish there were no misrepresentations for which Appellees can be held accountable. *Byrd*, 847 S.W.2d at 215 n.5. It is the opinion of this court that Appellees did not meet this requirement.

Appellees entire argument rests on the contention that Appellees did not make any written or oral misrepresentations to Appellants. While this is an important fact, it is not enough. A court may hold a party liable for the misrepresentation of a third person. For example, a principle may be liable for the acts of an agent. *Security Fed. Sav. and Loan Assoc. v. Riviera, Ltd.*, 856 S.W.2d 709, 715 (Tenn. App. 1992). Thus, the fact that Appellees did not make a misrepresentation is not dispositive of the case. Appellants have raised several theories for holding Appellees liable for the actions of Christopher. We do not, however, address the merits of these theories for two reasons. First, Appellants' alternate theories require a finding that Christopher made a misrepresentation and, possibly, a finding involving Christopher's intent. There are genuine issues as to these facts, and the facts are material as they will affect the disposition of Appellants' claims. *See Byrd*, 847 S.W.2d at 214. Second, there are not enough facts in the record upon which to base a decision.

Finally, Appellants must prevail for another reasons. A party can base a claim of fraud or violation of the Tennessee Consumer Protection Act on a party's nondisclosure of a material matter. *See Ganzevoort*, 1997 WL 273980, at *7; *Dobbs*, 846 S.W.2d at 274. Appellees' argument that they did not make any misrepresentations has no bearing on such a claim and can not satisfy the requirements of summary judgment.

For these reasons, it is the opinion of this court that the trial court erred in granting summary judgment in favor of Appellees because Appellees failed to demonstrate that they are entitled to a judgment as a matter of law.

Therefore, it follows that the decision of the court is reversed, and the case remanded for any further necessary proceedings. The cost on appeal are taxed against

defendants/appellees, William and Lois Gonser.


_____
WALTER W. BUSSART, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING
     JUDGE, MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE