IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Brief May 24, 2001

# DARRELL D. CANNON v. DEPARTMENT OF CORRECTION, STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-1076-I     Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2000-01950-COA-R3-CV - Filed July 18, 2001**

_____

This appeal arises from an action challenging the calculation of sentence reduction credits for an inmate in the custody of the Department of Corrections. After the inmate filed a petition claiming that he had been denied such credits, Department filed motion for summary judgment supported by an affidavit stating that Inmate's sentence had been properly calculated. Inmate failed to respond in a manner as required by Rule 56.06 Tenn. R. Civ. P. to establish that any genuine issues of material fact existed. As a result, trial court granted summary judgment motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Chancery Court Affirmed; and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Darrell D. Cannon, *Pro se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Dawn Jordan, Assistant Attorney General, for the appellee, Department of Correction, State of Tennessee.

**MEMORANDUM OPINION**[1]

In 1982, Darrel Cannon was sentenced to a two to five year prison term for Attempt to Commit Felony-Larceny and entered the Department of Correction (Department) to serve his sentence. He was subsequently found guilty of two counts of voluntary manslaughter, two

_____

[1]Rule 10 (Court of Appeals). - **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

counts of armed robbery and a single count of second degree murder.[2]  Both voluntary manslaughter convictions carried a sentence of four to ten years, plus a five year enhancement. The enhancements were to run concurrently with the four to ten year manslaughter sentences. Under Department guidelines, no sentence credits were accumulated during the five year enhancement period.  In August, 1999, Department changed its policy to allow sentence reduction credits for enhancements.

In 1999, Mr. Cannon filed a petition claiming that sentence reduction credits on his two enhancement sentences had been removed in 1991 and sought their reinstatement.  In response, Department filed a motion for summary judgment stating that all eligible sentence credits had been properly credited.  In support of this motion, Department included the sworn Affidavit of Faye Claud, a manager at Department's Sentence Information Services.  This affidavit included information supporting Department's claim that Mr. Cannon had been properly credited with all sentence reduction credits.  While Mr. Cannon disputed this fact in his reply to the motion, he failed to include any supporting affidavits.

On July 17, 2000, the trial court, citing Ms. Claud's affidavit, found that there were no material issues of fact in dispute.  As a result, it granted the summary judgment motion.  This appeal followed.

The issue, as we perceive it, is as follows:

> Was the trial court correct in granting the summary judgment motion based upon the affidavit of Ms. Claud?

> We review the [trial court's] grant of summary judgment against the standard of Rule 56, Tenn. R. Civ. P.  That Rule provides, in pertinent part, as follows:

>> . . . . [the] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

[Tenn. R. Civ. P. 56.04.]

---

[2]Mr. Cannon was sentenced to 4-10 years, plus a 5 year enhancement, for each of the voluntary manslaughter convictions.  He was sentenced to 19 years for each of the armed robbery convictions, though one 19 year sentence was to be served consecutively with one of the voluntary manslaughter convictions.  Mr. Cannon was also sentenced to 10 years for his second degree murder conviction.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. ***Cowden v. Sovran Bank***, 816 S.W.2d 741, 744 (Tenn. 1991); ***Gonzalez v. Alman Constr. Co.,*** 857 S.W.2d 42, 44-45 (Tenn. App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. ***Robinson v. Omer***, 952 S.W.2d 423, 426 (Tenn. 1997); ***Hembree v. State***, 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in the light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. ***Byrd v. Hall***, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if there are no genuine issues of material fact and then only if the undisputed material facts entitle the moving party to a judgment as a matter of law. [Tenn. R. Civ. P. 56.04]; ***Byrd***, 847 S.W.2d at 211.

***Phung v. Case***, No. 03A01-9811-CV-00388, 1999 WL 544650, at *2 (Tenn. Ct. App. July 28, 1999).

## Summary Judgment

Rule 56.06 of the Tennessee Rules of Civil Procedure states, in part, that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. ***If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.***

Tenn. R. Civ. P. 56.06 (emphasis added).

When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or other discovery materials listed in Rule [56.04], establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden . . . .

***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993).

In its motion for summary judgment, Department presented the court with an affidavit from Ms. Claud demonstrating that there were no disputed material facts creating a genuine issue for trial. "The burden then shifted to [Mr. Cannon] 'to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule [56.04],' establishing that there indeed existed genuine issues of material fact. [He] was not entitled to simply rely

upon the allegations of [his] pleadings." ***Phung***, 1999 WL 544650, at *5 (citing Tenn. R. Civ. P. 56.06; ***Byrd****,* 847 S.W.2d at 215) (internal citation omitted).

Mr. Cannon failed to present to the trial court any specific facts "using affidavits or the discovery material listed in [Rule 56.04]," instead filing an unsworn reply to Department's summary judgment motion. ***Id.*** Department then filed its own reply in support of its summary judgment motion, which included a supplemental affidavit from Ms. Claud. Thereafter, Mr. Cannon again failed to present any "'specific facts . . . using affidavits or the discovery material listed in Rule [56.04],' establishing that there indeed existed genuine issues of material fact." ***Id.*** As such, the trial court properly determined that there were no disputed material facts creating a genuine issue for trial and granted Department's motion for summary judgment in this matter. Upon our review, we agree with the trial court and hereby affirm its decision.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court's grant of summary judgment. Costs on appeal are assessed against the Appellant, Darrell Cannon, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE