IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 31, 2003

## DWIGHT HUNT EX REL. JAMES W. DOTSON, ET AL. v. CARTER COUNTY, ET AL.

**Appeal from the Chancery Court for Carter County**
**No. 24754     Thomas J. Seeley, Jr., Judge**

## FILED APRIL 29, 2003

### No. E2002-01339-COA-R3-CV

In this action to set aside a tax sale, the trial court dismissed the plaintiff's complaint, finding that he did not have standing or capacity to bring the action on behalf of the real parties in interest. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. D. MICHAEL SWINEY, J., filed a dissenting opinion.

John S. Taylor, Johnson City, Tennessee, for the appellants, Dwight Hunt, Individually and for the use and benefit of James W. Dotson and Ted Ervin.

Mark S. Dugger, Elizabethton, Tennessee, for the appellee, Carter County.

John Banks, Elizabethton, Tennessee, for the appellee, Robert Franklin.

### OPINION

#### I.

On July 14, 1983, Dwight Hunt ("the plaintiff") and his wife conveyed their interest in certain real property located in Carter County ("the property") to James W. Dotson ("Dotson") and his wife. Almost twelve years later, on March 31, 1995, Carter County filed suit, seeking to sell the property to collect delinquent taxes due on the property. The plaintiff, Dotson, and Ted Ervin ("Ervin") were

named as defendants.[1]  Thereafter, Carter County attempted to serve notice of the delinquent tax suit on the plaintiff, Dotson, and Ervin by both mail and publication.  The property was purchased at a tax sale on November 24, 1997, by Robert Franklin ("the property owner").

On April 7, 2000, the plaintiff filed a petition to set aside the tax sale, claiming that it was void due to insufficient service of process.  The petition was styled "DWIGHT HUNT, Individually and for the use and benefit of JAMES W. DOTSON and TED ERVIN."  Thereafter, both the property owner and Carter County answered the petition, denying the plaintiff's allegations.  The property owner alleged as additional defenses, *inter alia*, that the plaintiff did not have standing to bring this claim either individually or on behalf of Dotson and Ervin, and that the plaintiff had failed to join indispensable parties, "in that the persons who have a sufficient interest in this property to challenge the tax sale are not before the Court."

The plaintiff then filed a motion for summary judgment, and the property owner filed a motion to dismiss for failure to state a claim.  Along with his motion, the property owner filed both his own affidavit and that of his attorney, as well as a copy of the deed in which the plaintiff conveyed his interest in the property to Dotson.  The two affidavits essentially stated that the plaintiff did not have an interest in the property and that he had no authority to act on behalf of Dotson and Ervin.  A few days later, the plaintiff filed an affidavit, in which he stated that he had no notice of the tax sale and that the "suit [by him] was brought with the knowledge and consent of James W. Dotson and Ted Ervin, the other Plaintiffs in this suit."  However, the affidavit is devoid of any statement that the plaintiff possessed an ownership interest in the property.  Additionally, the plaintiff filed the affidavit of Ervin, in which Ervin also stated that he had no notice of the tax sale.  Ervin goes on to state as follows:

> This suit brought by Dwight Hunt, Individually and for the use and benefit of James W. Dotson and Ted Ervin, has my full support and all acts done by Dwight Hunt in furtherance of this are hereby ratified and confirmed.  To the extent required by law, this statement may be taken as confirming, from the date of filing of the Complaint forward, my joining in this lawsuit.

The record contains no affidavit from Dotson, nor is there anything in the record signed by Dotson.

On February 12, 2001, the trial court heard the motions of the parties.  One month later, the court entered an order granting the property owner's motion to dismiss and denying the plaintiff's motion for summary judgment.  In so ruling, the court stated the following:

> The Court FINDS that [the plaintiff] has neither standing nor capacity to prosecute the Complaint . . . . [The plaintiff] has not possessed a

---

[1]Included in the record is a warranty deed to Ervin dated October 30, 1981, which conveys some interest in the property to Ervin.

legal or equitable interest in the [property] at any time material to this litigation. It is uncontroverted that [the plaintiff] conveyed all of his right, title and interest in and to said property to [Dotson] and wife, . . . on July 14, 1983, by Deed which is recorded in Deed Book 337, page 186, Register's Office for Carter County, Tennessee, and there is no proof that [the plaintiff] retained or thereafter acquired any interest in the property.

There is no showing that [the plaintiff] has the capacity to bring this lawsuit on behalf of [Dotson] and [Ervin]. There is no evidence that [Dotson] or [Ervin] lack capacity to file suit or that [the plaintiff] possesses legal status which would authorize [the plaintiff] to bring an action on their behalf. Neither [Ervin] nor [Dotson] have properly been made parties to this litigation. The Plaintiff filed the Affidavit of [Ervin] in January, 2001. The Court holds that this Affidavit is insufficient to place [Ervin] before the Court but even if this Affidavit might be construed as a pleading on behalf of [Ervin], the Defendants properly note that [Tenn. Code Ann. §] 67-5-2504(d) bars suit after three years from the time the land was sold for taxes, and that the tax sale occurred more than three years prior to the filing of the Affidavit. The Defendants have properly raised the issues of standing and capacity. No joinder or substitution of the real parties in interest has been attempted and it is appropriate to grant the Defendant's Motion to Dismiss, which resolves all matters at issue and therefore is a Final Judgment for all purposes.

## II.

In evaluating the defendants' motion to dismiss, the trial court considered the affidavits of the property owner and his attorney, as well as a copy of the deed by which the plaintiff conveyed his interest in the property to Dotson. Tenn. R. Civ. P. 12.03 provides that where "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, . . . ." Such being the case here, we must review the decision of the trial court under the standard of Tenn. R. Civ. P. 56, which provides, in pertinent part, as follows:

[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

Tenn. R. Civ. P. 56.04.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. ***Cowden v. Sovran Bank/Central South***, 816 S.W.2d 741, 744 (Tenn. 1991); ***Gonzales v. Alman Constr. Co.***, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. ***Robinson v. Omer***, 952 S.W.2d 423, 426 (Tenn. 1997); ***Hembree v. State***, 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. ***Byrd v. Hall***, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed material facts entitle the moving party to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; ***Byrd***, 847 S.W.2d at 211.

III.

On appeal, the plaintiff argues that the trial court erred in granting the property owner's motion to dismiss and in denying the plaintiff's motion for summary judgment. The plaintiff premises his argument on Tenn. R. Civ. P. 17.01, which provides as follows:

> Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, bailee, trustee of an express trust, a party to whose rights another is subrogated, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought; and when a statute so provides an action for the use or benefit of another shall be brought in the name of this State. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The plaintiff asserts that, even if it is found that he has no interest in the property, the affidavit of Ervin should have been sufficient under Tenn. R. Civ. P. 17.01 to supply the requisite ratification, which, according to the plaintiff, would have allowed the matter to proceed.

We believe the plaintiff's reliance on this rule is misplaced. Tenn. R. Civ. P. 17.01 is designed to insulate a suit brought by a party with some relationship to the underlying claim, who is not the real party in interest, from a precipitous dismissal. That rule does not apply here because the plaintiff has absolutely no connection to the rights asserted in the cause of action set forth in the complaint. With respect to that cause of action, he is clearly an interloper. Furthermore, even if Rule 17.01 were applicable to this case, we find that "a reasonable time has been allowed after

objection for ratification or commencement by, or joinder or substitution of, the real party in interest." This action was filed on April 7, 2000, and the motion to dismiss was filed on January 12, 2001. The order dismissing the complaint was not entered until March 12, 2001. Despite this passage of time, no effort was made by the real parties in interest to properly and effectively assert their alleged rights in this case.

The plaintiff would have us believe that Ervin's affidavit constitutes a sufficient assertion of his rights in this case. We disagree. That affidavit merely states that Ervin ratifies and confirms the plaintiff's actions. Ervin does not set forth the basis for the plaintiff's alleged authority to act on Ervin's behalf, nor does Ervin state that he lacks the capacity to file suit on his own behalf. Further, Ervin made no attempt in this affidavit to be made a party to the action individually. Ervin's affidavit is simply insufficient to properly join him as a party in the instant case.

The plaintiff also contends that, as Carter County did not raise any affirmative defenses in its pleadings, such defenses were waived. Specifically, the plaintiff asserts that Carter County did not raise the defense of capacity or that the action was not brought in the name of the real parties in interest. However, Tenn. R. Civ. P. 7.02(1) permits a party to raise motions orally at a hearing or trial. As the trial court, in its order dismissing the plaintiff's complaint, stated that "[t]he *Defendants* have properly raised the issues of standing and capacity," we construe this to mean that Carter County raised those defenses orally at trial. (Emphasis added). This issue is without merit.

Because we find that the trial court properly dismissed the plaintiff's action due to lack of standing or capacity, we need not reach the issue of whether the trial court properly denied the plaintiff's motion for summary judgment. That issue is pretermitted.

IV.

The judgment of the trial court is affirmed. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Dwight Hunt.

_____
CHARLES D. SUSANO, JR., JUDGE

-5-